**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GREGORY MCKINNEY,

           Plaintiff,         CASE NO. 11-12421

v.                                HON. MARIANNE O. BATTANI

NATIONSTAR MORTGAGE LLC,

           Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Nationstar Mortgage LLC's Motion for Summary Judgment (Doc. No. 14). The Court has reviewed all the relevant filings[1] and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court GRANTS Defendant's motion.

**I.    INTRODUCTION**

Plaintiff Gregory McKinney and nonparty Tracey McKinney purchased property located at 47455 Torrington Drive North, Canton, MI, 48118 on October 25, 2002. The McKinneys granted a mortgage in the amount of $252,000 to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender, GMAC Mortgage Corporation, and lender's susccessors and/or assigns to secure financing for the property. The mortgage was recorded on November 26, 2002. (Doc. No. 14, Ex. 20). MERS

---

[1] Although Plaintiff asks for leave to amend his complaint in his responsive pleading, he has not attached a proposed amended complaint. See E.D. Mich. LR 15.1. Nor has he indicated what causes of action he seeks to advance. In the absence of a motion, the Court cannot assess the merits of the request.

subsequently assigned the mortgage to Defendant Nationstar Mortgage LLC, ("Nationstar"). (Doc. No. 14, Ex. 3).

In July 2009, Plaintiff stopped making mortgage payments. On April 21, 2010, Nationstar acknowledged by letter that it had received a request from McKinney for the Making Home Affordable Modification Program ("HAMP"). (Doc. No. 17, Ex. A). It requested that he complete the documents included, additional documents, and asked for a IRS 4506-T Request for Transcript of Tax Return Form. (Id.) According to Plaintiff, he completed the application, procured the requested documents, and mailed the entire package back to Nationstar on May 1, 2010.

Nevertheless, on August 12, 2010, a letter was sent to each of the mortgagors pursuant to Mich. Comp. Laws § 600.3205a. (Doc. No. 14, Ex. 4). The letter informed Plaintiff that his loan was in default, that late payments totaled $33,128.62, and late charges in the amount of $1,674.26 had accrued. The letter notified Plaintiff that Nationstar had referred the matter to Orlans Associates, P.C. ("Orlans") with instructions to start foreclosure proceedings. It identified Orlans as the Designate Agent, with authority to make agreements. It provided a list of approved housing counselors, and informed McKinney of his right to request a loan modification meeting. (Id.) The letter further informs Plaintiff that if an agreement to modify the mortgage loan is not reached, but Plaintiff meets the criteria for modification under § 3205(c)(1), the foreclosure will proceed before a judge instead of by advertisement. (Doc. No. 17, Ex. C).

On August 16, 2010, McKinney called Orlans to request a 90-day hold on the foreclosure proceedings and for a loan modification meeting. A financial package was

sent to Plaintiff with instructions to return the completed financial package. (Doc. No. 14, Ex. 6). The foreclosure proceedings were placed on hold for ninety days.

On September 24, 2010, McKinney received a letter from Nationstar acknowledging receipt of a package, regarding Plaintiff's eligibility for HAMP. (Doc. No. 17, Ex. C). The letter, dated September 22, 2010, reads in relevant part:

> [Nationstar] received your documentation for the Making Home Affordable Modification Program (HAMP).
>
> Nationstar Mortgage will now review your information to verify that you are eligible for this program. This review process can take between 20-60 days. Nationstar will review the contents of the Financial Solicitation Package and determine if you are eligible for the HAMP based on your gross income. Once a determination is made, you will be sent written notification of the decision. **If it is determined that you are ineligible for HAMP, you will be referred for alternative workout solutions.** Please note that during this evaluation period, your home will not be referred to foreclosure or be sold at a foreclose sale if the foreclosure process had already been initiated.
>
> **Nationstar will contact you if more information is needed in order to fully evaluate your request for HAMP.**

(Doc. No. 17, Ex. C) (emphasis added).

On September 28, 2010, Nationstar requested two additional documents from Plaintiff. Plaintiff asserts that he mailed the documents on October 5, 2010. On October 30, 2010, Plaintiff received another letter requesting the same two documents, which he faxed to Defendant on November 3, 2010. At the same time, Plaintiff received correspondence from Nationstar that after an initial review of his file, he might qualify for a loan modification, short sale, or deed-in-lieu. (Doc. No. 17, Ex. D). Plaintiff was advised to contact Mortgage Outreach Services ("MOS") for more information. Plaintiff telephoned MOS, and he received another loan modification package. Plaintiff again submitted the

required documents.

On November 30, 2010, Plaintiff received another request for the missing documents, and on December 1, 2010, Plaintiff refaxed documentation. (Doc. No. 17, Ex. E). Three days later, Plaintiff discovered a Notice of Sheriff's Sale on his door. He contacted MOS, and was told documents still were missing. (Doc. No. 14, Ex. 7, p. 81). Then on December 7, 2010, Plaintiff received an email from MOS requesting additional documentation. (Doc. No. 17, Ex. F). According to the email, several documents still were needed to complete the review process. (Id.) Plaintiff again faxed additional documents to MOS on December 8, 2010. (Doc. No. 17, Ex. H). Plaintiff had no further contact from Nationstar or MOS regarding his loan modification.

A sheriff's sale took place on December 16, 2010, and the Federal National Mortgage Association ("Freddie Mac") was the highest bidder. (Doc. No. 14, Ex. 5). The six month statutory redemption period expired on June 16, 2011.

On April 27, 2011, Plaintiff filed his Complaint, in which he alleges that he submitted the required documents to be evaluated for a loan modification; however, no evaluation occurred. (Doc. No. 14, Ex. 1). Based on the facts alleged in his Complaint, McKinney advances the following causes of action: Count 1--violation of § 600.3205a; Count II--violation of the Equal Credit Opportunity Act ("EEOA"), 15 U.S.C. § 1691 et seq.; Count III–Deceptive Acts and Unfair Practices; Count IV–Negligence; Count V--Fraud/Misrepresentation; and Count VI-- Injunctive Relief.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) authorizes a court to grant summary judgment if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

## III. ANALYSIS

### A. Statutory Violation

In Count I, Plaintiff alleges that Defendant "failed to provide [him] with a mediation or with the required notices and modification information and opportunities in violation of the statute." (Compl. at ¶ 40). Section 600.3205a(1)(c) requires the foreclosing entity to designate a person authorized to enter into loan modification agreements and to provide notice to the borrower to enable the borrower to contact that person and attempt to work out a loan modification. Mich. Comp. Laws § 600.3205a(1)(c). According to Plaintiff, Nationstar should have identified a person to enter into a loan modification. Specifically, Plaintiff claims that the letter sent by Orlans on behalf of Nationstar violates the statute because it does not provide the name of a "person" to contact to negotiate an agreement. Instead the letter merely identifies the mortgage service's agent, Orlans. (Doc. No. 17, Ex.

5

B). According to Plaintiff, this omission denied him the opportunity to engage in mediation before foreclosure. Therefore, a judicial foreclosure must ensue. The Court disagrees.

Here, the August 12, 2010, letter sent to Plaintiff by Orlans named the Designate Agent, notified Plaintiff that Orlans was the contact, and informed Plaintiff that Orlans had authority to make agreements. (Doc. No. 14, Ex. 5, August 12, 2010 Letter). The letter complied with the statute. Further, in response to McKinney's request for a meeting, Orlans sent a letter listing the documentation that was needed, and letting Plaintiff know that once the documentation was received it would be forwarded with Orlans' recommendation to Nationstar. (Doc. No. 14, Ex. 6).

Although Defendant asserts that Plaintiff never sent the documentation to Orlans, in his affidavit, McKinney asserts that he received another package for loan modification from Orlans on August 20, 2010, and "mailed the completed loan package to Orlans" on August 26, 2010. (Doc. No. 17, Ex. I at ¶ 11). Although Plaintiff conflates his dealings with Nationstar and Orleans, (see Pl.'s Resp. at p. 12, p. 16), for purposes of summary judgment, the Court may not resolve issues of credibility.

Nevertheless, the factual dispute is not material. Even if Plaintiff did return a completed loan package to Orlans, under Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Here, the redemption period expired, and the Property was not redeemed. Therefore, Plaintiff lacks standing to proceed absent the availability of an equitable extension of the redemption period through

6

a clear showing of fraud or irregularity. Id., at *1. For the reasons discussed below, McKinney fails to advance a viable fraud claim, so the Court considers the availability of an equitable extension based on irregularity.

Here, McKinney maintains that Defendant failed to modify his loan. The statute does not require a lender to do so. Even crediting Plaintiff's assertion, his remedy for a statutory violation is set forth in § 600.3205c(8), which allows a mortgagor to file an action to convert a foreclosure by advertisement into a judicial foreclosure. Moreover, the statutory remedy available to McKinney requires him to act before the consummation of the foreclosure by advertisement. It merely allows him to determine the type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure. See Stein v. U.S. Bancorp., 10–14026, 2011 WL 740537 at *10 (E.D.Mich. Feb. 24, 2011).

### B. Violation of Equal Credit Opportunity Act

The ECOA prohibits creditors from discriminating against any credit applicant "with respect to any aspect of a credit transaction. . .on the basis of race, color, religion, national origin, sex, or marital status." 15 U.S.C. § 1691(a)(1). To prevail on a claim under the Act, a plaintiff must show that he: (1) was a member of a protected class; (2) applied for credit from the defendant; (3) was qualified for the credit; and (4) nevertheless was denied. Mays v. Buckeye Rural Elec. Co-op., Inc., 277 F.3d 873, 877 (6th Cir. 2002) (citation omitted).

Plaintiff does not include any facts to support a prima facie case. Specifically, he does not allege he is a member of a protected class, that he was treated differently, that he was qualified for a loan modification, but was denied. According, this claim is

dismissed.

### C. Deceptive Act and/or Unfair Practice

In Count III of his Complaint, Plaintiff alleges that the Michigan Consumer Mortgage Protection Act ("CMPA"), 445.1631 et seq., and the Federal Trade Commission Act ("FTCA") were violated by Nationstar's misleading statements regarding the status of his modification application, its failure to disclose material facts to Plaintiff, and its use of falsified documentation to support the foreclosure by advertisement.

It is undisputed that Plaintiff has no private cause of action under these statutes. See Greene v. Benefit Mortg. Corp., No. 08-12968, 2009 WL 56056 (E.D. Mich. Jan. 8, 2009) (observing that "the CMPA provides for an enforcement action by the commissioner, § 445.1639, or by the attorney general or county prosecuting attorney. . .[but] does not provide for a private cause of action"); Price v. EquiFirst Corp., 1:08-CV-1860, 2009 WL 917950 (N.D. Ohio Apr. 1, 2009) (no private cause of action under the FTCA) (citation omitted).

Even if a private cause of action exited, Nationstar asserts that Plaintiff never submitted all of the requested documents, and foreclosure proceedings commenced after the 90-day hold expired. In support of its position that in light of Plaintiff's failure to provide all of the documents, it had no statutory duty to hold a mediation meeting, Defendant points to Exhibit 7. The case collection notes confirm Nationstar's position. Nevertheless, in his response to the motion, McKinney attaches an affidavit, in which he states that he faxed the requested "additional" documents. (Doc. No. 17, Ex. I at ¶¶ 15, 18, 22). McKinney also includes several fax confirmations; however, the confirmation does not add

8

to the analysis of whether all of the requested documents were sent because the confirmation does not establish that a particular document was sent. The collection history notes show that as late as December 8, 2010, Defendant had not received the 4506T form. (Doc. No. 14, Ex. 7 at 81). Moreover, Plaintiff's affidavit does not address this specific document whereas an email, dated December 7, 2010, from MOS asks him to provide, among other things, the IRS Form 4506-T, completed signed and dated. (Doc. No. 17, Ex. F).

As the party opposing a summary judgment motion, McKinney has the burden of producing proof to support his claim. See Celotex Corp., 477 U.S. at 322-23. He provided a fax confirmation, but failed to include a copy of the documents faxed. His failure to support his general assertion that he provided all requested documents with specific evidence to support his assertion that each and every document requested was provided is insufficient to create a genuine dispute.
The Court therefore grants Defendant's request for summary judgment on this count.

### D. Negligence

To establish his claim of negligence against Nationstar, McKinney must show "duty, breach of that duty, causation, and damages." Brown v. Brown, 739 N.W.2d 313, 316–17 (Mich. 2007). Duty is "the legal obligation to conform to a specific standard of conduct in order to protect others from unreasonable risks of injury." Lelito v. Monroe, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006).

McKinney acknowledges that Defendant must have a duty apart from its contractual

obligation under the mortgage. He asserts that a duty arises under HAMP.

McKinney's assertion has not been endorsed by other courts, and Plaintiff failed to cite any Michigan case holding that HAMP imposes a duty on a lender upon which a mortgagor could seek relief. See e.g. Ahmad v. Wells Fargo Bank, NA, 11-15204, 2012 WL 917769 (E.D. Mich. Mar. 19, 2012) (rejecting the plaintiffs argument that the HAMP guidelines create a new duty of care); Ulrich v. Federal Land Bank of St. Paul, 480 N.W.2d 910 (Mich. Ct. App. 1991) (holding that a lending institution did not owe a borrower a duty of care with respect to determining the borrower's eligibility for the loan). Therefore, the Court dismisses Count IV.

### E. Fraud

In Count V, Plaintiff brings a claim of fraud. To state a claim for fraud in Michigan, a plaintiff must show:

> (1) That the defendant made a material representation; (2) that it was false; (3) that at the time the representation was made the defendant knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that the defendant made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

Hi–Way Motor Co. v. Int'l Harvester Co., 247 N.W.2d 813, 816 (Mich. 1976). McKinney's claim is barred by the statute of frauds. Under Mich. Comp. Laws § 566.132(2), a party may not bring an action against a financial institution to enforce a promise to modify a loan unless the promise "is in writing and signed with an authorized signature by the financial institution."

He lacks any signed writing containing a promise to modify his loan or delay foreclosure beyond 90 days. Regardless of how Plaintiff labels his claim against

Defendant, it is barred by § 566.132(2). <u>Crown Technology v. D & N Bank, FSB</u>, 619 N.W. 2d 66, 72 (Mich. Ct. App. 2000). Therefore, the fraud claim must be dismissed.

### F. Injunctive Relief

It is undisputed that Count VI, which asks for injunctive relief is not an independent cause of action. Accordingly, Count VI must be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

<pre>
                            s/Marianne O. Battani
                            MARIANNE O. BATTANI
                            UNITED STATES DISTRICT JUDGE
</pre>

Date: <u>August 31, 2012</u>

### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.

<pre>
                            s/Bernadette M. Thebolt
                            Case Manager
</pre>